## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KELSI BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-CV-1152 RLW |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF REMAND

This removed matter is before the Court on Plaintiff Kelsi Bryant's Motion to Remand (ECF No. 8). Defendant State Farm Mutual Automobile Insurance Company ("State Farm") opposes the Motion and it is fully briefed. Because the Court lacks subject matter jurisdiction over this matter, the case must be remanded to state court.

### Background

Plaintiff originally filed suit in the Circuit Court of the City of St. Louis, State of Missouri. The Petition alleges that Plaintiff was injured in an automobile accident on September 16, 2019, when an underinsured tortfeasor rear-ended Plaintiff with his vehicle. After accepting a settlement for the $25,000 policy limit offered by the other driver's insurance company, Plaintiff sought underinsured motor vehicle coverage under a policy of automobile insurance issued to her by State Farm that included uninsured and underinsured motorist benefits of $50,000. The Petition contains one count for breach of the insurance contract as to underinsured motorist benefits, and a second count for statutory vexatious refusal to pay in accordance with the contract and for attorney's fees under Chapter 375 of the Missouri Revised Statutes. Count I's prayer for relief seeks damages "in a fair and reasonable amount in excess of Twenty-Five

Thousand Dollars ($25,000.00) but not to exceed Seventy-Five Thousand Dollars ($75,000.00),

plus costs, post-judgment interest, and such other relief as the Court deems just and proper."

(ECF No. 2 at 4). Count II's prayer for relief seeks

> entry of Judgment . . . requiring and ordering defendant to pay plaintiff's claim in
> the amount of the underinsured motorist coverage of the policy, plaintiff further
> requests her costs and expenses incurred herein, her reasonable attorney's fees,
> the penalty provided under §§ 375.296 and 375.240, RSMo., all not to exceed
> $75,000, and such other and further relief as the court deems fair and reasonable
> in the circumstances.

(Id. at 5) (emphasis added).

State Farm removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(a). In

the Notice of Removal, State Farm acknowledges that the policy limits at issue are only $50,000

but asserts that because Plaintiff's Petition also seeks "attorney's fees and other penalties for

vexatious refusal, . . . there is a reasonable probability that the matter in controversy . . . exceeds

the sum of $75,000.00 exclusive of interest and costs." (ECF No. 1 at 2.)

Plaintiff moves to remand asserting that no diversity of citizenship jurisdiction exists

because the amount in controversy does not exceed $75,000. State Farm responds that while

Count I is limited by its terms to an amount not to exceed $75,000, Count II "does not contain

any cap on damages at all" and carries with it a possible award of attorney's fees that could

exceed $25,000, thereby making the amount in controversy exceed $75,000. (ECF No. 9 at 1.)

## Legal Standard

In a case based upon this Court's diversity jurisdiction, the amount in controversy must

exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The burden of proving

subject matter jurisdiction falls on the party desiring to proceed in federal court. VS Ltd. P'ship

v. Department of Housing & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000). As the removing

party in a case based upon diversity of citizenship where the Petition seeks an amount under the

jurisdictional minimum, State Farm has the burden of proving the jurisdictional amount by a preponderance of the evidence. In re Minnesota Mut. Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003).

Federal courts are to strictly construe the amount in controversy requirement of diversity jurisdiction, as the purpose underlying the requirement is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339 (1969). Any doubts about the propriety of removal are to be resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of her claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing" and consequently, "uncertainties are resolved in favor of remand.")

**Discussion**

State Farm asserts that the amount in controversy requirement for diversity jurisdiction is met because in addition to the policy limit of $50,000 at issue, Plaintiff seeks attorney's fees in Count II with no cap on the amount of damages sought. While it is likely Plaintiff might incur attorney's fees in excess of $25,000, State Farm misreads the Petition and fails to recognize that Count II seeks the policy limits, costs and expenses, attorney's fees, and the statutory penalty, but expressly limits Plaintiff's claim for damages by stating that "all [are] not to exceed $75,000."

"Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction[.]" Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994). For diversity

3

jurisdiction to attach, the amount in controversy must exceed the value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); see Larkin, 41 F.3d at 389 (holding under the former jurisdictional limit that diversity jurisdiction did not exist where plaintiff sought damages of exactly $50,000); cf. Corlew v. Denny's Restaurant, Inc., 983 F. Supp. 878, 880 (E.D. Mo. 1997) (amount in controversy was not met where plaintiff demanded exactly $75,000 to settle case).

The Petition in this case seeks a totality of damages "not to exceed $75,000." As a result, the minimum amount in controversy required for diversity jurisdiction and removal of this case is not met because the sum sought does not exceed $75,000. See 28 U.S.C. § 1332(a). State Farm relies solely on the Petition to establish the value of the amount in controversy and support its removal of this action. The Petition instead establishes that the jurisdictional minimum is not met. State Farm has failed to establish the requisite jurisdictional minimum by a preponderance of the evidence.

## Conclusion

For the foregoing reasons, the Court finds that State Farm has failed to meet its burden to establish that the requisite amount in controversy exists and concludes that it lacks subject matter jurisdiction over this matter. The case must therefore be remanded. See 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. (ECF No. 8)

4

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court for the City of St. Louis, State of Missouri, from which it was removed, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of October, 2020.